## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

_____

PAUL PENKALSKI,

                    Plaintiff,

          v.                                                      Case No. 09-CV-0471

NICOLAS BANUELOS, JOHN D. WILEY,
MARK GUTHIER, ROGER VOGTS, UWPD,

                    Defendants.

_____

## ORDER

The plaintiff, Paul Penkalski ("Penkalski"), has brought an action under what
the court liberally construes to be 42 U.S.C. § 1983 against several defendants
employed at the University of Wisconsin-Madison ("University").  Penkalski's suit
centers around an incident that occurred at the University's Memorial Union
("Union") in July of 2006, where the plaintiff was removed from the building by a
university police officer, defendant Nicolas Banuelos ("Banuelos"), because
Penkalski's union membership had been revoked by the director of the Union, Mark
Guthier ("Guthier").  The plaintiff contends in his complaint that the  revocation of his
membership and his subsequent prohibition from attending events at the Union was
without merit and constituted a "violation of his rights."

In conjunction with his complaint, the plaintiff has also filed a motion for leave
to proceed *in forma pauperis*.  Normally, a plaintiff must pay a statutory filing fee to
bring suit in federal court, but the federal *in forma pauperis* statute allows indigent
litigants a means by which they can access the federal courts without the burden of

the initial filing fee.  28 U.S.C. § 1915.  In order for a court to authorize a litigant to proceed *in forma pauperis*, the court must first find that the litigant is truly indigent and unable to pay for the costs of commencing the action.  28 U.S.C. § 1915(a). Moreover, the court must also determine that the action is neither frivolous nor malicious, does not fail to state a claim, and does not seek money damages against a defendant immune from such relief.  28 U.S.C. § 1915(e)(2).

The plaintiff's petition for leave to proceed *in forma pauperis* indicates that the plaintiff, while unemployed, receives money for food and rent from his parents in the amount of $800.00.  However, Penkalski's monthly expenses leave him with minimal disposable income.  The court can conclude that the plaintiff has met the poverty requirements of 28 U.S.C. § 1915.

However, the court is also under a duty to screen all complaints under the federal *in forma pauperis* statute to ensure the claim is not wholly without merit.  28 U.S.C. § 1915(e)(2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Neitzke*, 490 U.S. at 327.  A legal claim is "malicious" if it is really "intended to harass."  *Lindell v. McCallum*, 352 F.3d 1107, 1109-10 (7th Cir. 2003).

-2-

Here, the court, accepting as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.,* 425 U.S. 738, 740 (1976), finds the complaint, as directed against defendants Guthier, John D. Wiley, and Roger Vogts, three administrators at the University of Wisconsin, to be frivolous. The court is well aware that this not the plaintiff's first attempt to litigate the issue of the revocation of his membership with the Union and his banning by school officials from the premises of the Union in this district. *See Penkalski v. Guthier*, No. 08-C-544, 2009 U.S. Dist. LEXIS 97113 (W.D. Wis. Oct. 19, 2009). In his order granting summary judgment in favor of Guthier, Judge Griesbach held that Penkalski's suit was barred under the doctrine of claim preclusion, as Penkalski has already litigated the validity of Guthier revoking the plaintiff's membership to the Union in state court. *Id.* at *12. There is nothing to indicate that Penkalski's suit, at least as far it includes the three other University of Wisconsin officials, is anything more than an attempt to relitigate issues already disposed of by the Wisconsin state court system.[1]

The plaintiff's allegations against Officer Banuelos differ slightly from those levied against the other three defendants. Penkalski argues that Banuelos, a police officer employed by the University of Wisconsin, violated the plaintiff's civil rights by

---

[1] Under 28 U.S.C. § 1738, federal courts must give the judgments of state courts the same full faith and credit that those judgments would receive in the rendering state's courts. In Wisconsin, the doctrine of issue preclusion prevents a party from relitigating an identical issue of law or fact in a subsequent action as long as the "the question of fact or law that is sought to be precluded actually [was] litigated in a previous action and [was] necessary to the judgment." *Mrozek v. Intra Fin. Corp*., 281 Wis. 2d 448, 2005 WI 73, ¶17 (2005). Judge Griesbach's opinion identifies two Wisconsin state court cases brought by Penkalski in which the issue of the legitimacy of Guthier's revocation of the plaintiff's Union membership and subsequent banning of the plaintiff from the Union was fully litigated and necessary to the judgment in the case. *See Penkalski,* 2009 U.S. Dist. LEXIS 97113 at *3. As such, there is no doubt that as far as the plaintiff's complaint alleges misconduct by administrators at the University of Wisconsin that those claims are issue precluded.

"erroneously detaining" and "harassing" the plaintiff.  However, Penkalski's complaint does not provide a reason why the detainment was "erroneous" or why Banuelos' actions constituted some form of "harassment" outside of the contention that the University's ban of the plaintiff from the Union's was illicit.[2]  Given that the issue of whether Penkalski's expulsion from the Union was legitimate is precluded from arising in this case, Officer Banuelos' actions, at least as far as they were described in the complaint, were not extraordinary or unreasonable under the circumstances: Banuelos was told by University officials that Penkalski was prohibited from entering the Union and the police officer escorted Penkalski from the premises.   Given that "police officers are entitled to qualified immunity for actions taken during a stop or arrest 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known,'" *Rice v. Burks*, 999 F.2d 1172, 1174 (7th Cir. 1993) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)), the court can conclude that Officer Banuelos will be immune from any suit in this case, warranting that this court dismiss the entire action under 28 U.S.C. § 1915(e).

Accordingly,

---

[2] While the court attempts to provide the *pro se* plaintiff's allegations a liberal construction, Penkalski's complaint is extremely vague about the nature of Banuelos' alleged "harassment" of the plaintiff.  Giving a fair reading to Penkalski's complaint, the complaint alleges Banuelos harassed Penkalski solely because he detained him and escorted him out of the Union; there is nothing in the complaint to indicate that Banuelos' actions would have been extreme or outrageous if the University officials had legitimately banned Penkalski from being on the Union's premises.

-4-

**IT IS ORDERED** that the plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket #2) be and the same is hereby **DENIED**; and

**IT IS FURTHER ORDERED** that plaintiff's complaint (Docket #1) be and the same is hereby **DISMISSED** with prejudice.

The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of November, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge

-5-